IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 20-CV-2810 |
| | : | |
| JUDGE RICHARD M. CAPPELLI, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                          **JULY 27, 2020**

Plaintiff Jason L. Brown, a frequent litigant in this Court,[1] filed this *pro se* civil action

pursuant to 42 U.S.C. § 1983 against Judge Richard M. Cappelli, raising claims based on Judge

Cappelli's handling of post-conviction motions and petitions Brown filed in his state criminal

case.  (ECF No. 2.)  Brown has also filed a Motion for Leave to Proceed *In Forma Pauperis*, a

"Motion for Injunctive Relief Pursuant [to] Federal Rule 8(a) of Civil Procedure," a "Motion for

Service of Complaint Pursuant [to] Federal Rule 4.1 of Civil Procedure," and a "Motion

Indicating Reproduced Record Discussed in Motion for Injunctive Relief."  (ECF Nos. 1 & 3-5.)

For the reasons set forth below, the Court will grant Brown leave to proceed *in forma pauperis*,

dismiss his Complaint, and deny his remaining motions.

---

[1] Brown has a history of filing frivolous cases and has been repeatedly warned that additional
frivolous filings might warrant a pre-filing injunction.  *See Brown v. GBM 1037, LLC*, Civ. A.
No. 19-CV-2133, 2019 WL 2344129, at *3 & n.3 (E.D. Pa. May 31, 2019) (observing that
Brown's "twenty-two previously-filed civil actions were all dismissed because they were
frivolous, failed to state a claim, failed to comply with Federal Rule of Civil Procedure 8(a), or
were otherwise baseless" and warning Brown "that additional frivolous filings may result in
filing restrictions, including prohibitions on proceeding *in forma pauperis* in the future").
Although the Court will not enjoin Brown at this time, the Court reminds him, again, that the
Court may limit his ability to file new cases if he continues to abuse the judicial process.

I.      FACTUAL ALLEGATIONS[2]

On December 1, 2003, Brown pled guilty to robbery and was sentenced to two to five

years of incarceration.  *Commonwealth v. Brown*, Docket No. CP-23-CR-0000151-2003 (C.C.P.

Del. Cty.).  On March 27, 2017, Brown filed a series of motions including motions to "Dismiss

Charges for Defendant Party, Immunity," "Vacate Plea (Withdrawal of Plea), Compel

Discovery," and "Expunge Fines and Costs," all of which Judge Cappelli denied.  (ECF No. 2 at

32-33.)  Brown subsequently filed a petition for post-conviction relief, which Judge Cappelli

denied, and a petition for expungement, which Judge Cappelli denied after a hearing.  (*Id.* at 33.)

Brown appealed, and the Pennsylvania Superior Court affirmed Judge Cappelli's rulings.  *See*

*Commonwealth v. Brown*, No. 2741 EDA 2019, 2020 WL 2025910, at *1 (Pa. Super. Ct. Apr.

27, 2020) ("As Brown's sentence was for a maximum of five years' incarceration beginning in

December 2003, he is no longer serving his sentence.  He was thus ineligible for PCRA relief,

and we affirm the PCRA court's order."); *Commonwealth v. Brown*, No. 2802 EDA 2018, 2019

WL 2070478, at *1 (Pa. Super. Ct. May 9, 2019) ("It is unclear whether [Brown] is seeking

expungement of the robbery conviction or the *nolle prossed* charges.  In either case, he has

developed no coherent argument upon which we can conclude that the trial court abused its

discretion in denying his petition.").  While his appeals were pending, Brown filed additional

motions challenging his prosecution and conviction, all of which were denied.  (ECF No. 2 at 33-

34.)

In his instant Complaint, Brown alleges that Judge Cappelli "is responsible for

deprivation of constitutional rights in a state criminal matter" and that his "judicial [sic] was

---

[2] The following allegations are taken from the Complaint, exhibits attached to the Complaint and
public dockets.

unconstitutional and malicious." (Compl. ECF No. 2 at 3.) Brown seeks "judicial review" of his

state criminal case and a "permanent injunction against the prosecution of the matter to dismiss

the state criminal matter and destroy the record in the Commonwealth's computer databases."

(*Id.*) He also seeks $1 million in compensatory and punitive damages. (*Id.*)

The numerous exhibits and Motions Brown attached to his Complaint reflect that his

claims are predicated upon Judge Cappelli's denial of his post-conviction filings. (*Id.* at 6-43.)

Brown's "Motion for Injunctive Relief Pursuant [to] Federal Rule 8(a) of Civil Procedure"

focuses on Brown's requests for injunctive relief, and primarily claims that Judge Cappelli is not

entitled to judicial immunity from Brown's claims because he enforced unconstitutional statutes,

particularly the Post-Conviction Relief Act, in denying Brown relief. (ECF No. 3.) The Motion

suggests that it is an amended complaint (*id.* at 1) and seeks leave to file an amended complaint

(*id.* at 21), but also reads as a motion for preliminary injunctive relief (*id.* at 15), despite

requesting both injunctive relief and damages (*id.* at 16-19).[3] Among other things, the Motion

asks the Court to "enjoin the commonwealth court system to prohibit denial of relief based on the

Post-Conviction Relief Act and its applicability to parties it does not afford relief to." (*Id.* at 16.)

This is not the first case that Brown has filed about his underlying criminal case. In

January of 2018, Brown filed a complaint against the Court of Common Pleas for Delaware

County, Judge Cappelli, and President Judge Kevin Kelly, asserting that they had violated his

rights under the First, Fifth, and Eighth Amendments in connection with his criminal case.

*Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410 (E.D. Pa.). In a February

9, 2018 Memorandum and Order, the Court granted Brown leave to proceed *in forma pauperis*

---

[3] Given the conflicting allegations and the unclear nature of this filing, the Court will treat the
Motion as one seeking a preliminary injunction and consider the allegations therein as
clarifications supporting the allegations in the Complaint.

and dismissed his Complaint without leave to amend.  *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410, 2018 WL 837592, at *3 (E.D. Pa. Feb. 9, 2018). Specifically, the Court noted that Brown's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and that any claims challenging his 2003 robbery conviction were not cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Id.* at *2.  The Court also concluded that (1) the Court of Common Pleas for Delaware County was not a "person" subject to liability under § 1983 and was also entitled to Eleventh Amendment immunity, (2) Brown's claims against Judge Cappelli were barred by judicial immunity, and (3) Brown had failed to describe how President Judge Kelly was responsible for violating his rights.  *Id.* at *3.

Shortly after the dismissal of that case, Brown filed a new civil action naming the Delaware County Court of Common Pleas as the only defendant and claiming that the 2003 conviction violated his rights in various respects.  *See Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-3043 (E.D. Pa.).  After granting Brown leave to proceed *in forma pauperis*, the Court dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Brown v. Court of Common Pleas for Delaware Cty.*, Civ. A. No. 18-CV-3043, 2018 WL 3623027, at *4 (E.D. Pa. July 30, 2018).  Specifically, the Court concluded that: (1) Brown had not pled a basis for a claim under 42 U.S.C. § 1985, despite his efforts to invoke that statute; (2) the Court of Common Pleas was not a proper defendant in a § 1983 action; (3) the Court lacked the ability to intervene in Brown's then-pending post-conviction proceedings; (4) claims based on the proceedings underlying Brown's robbery conviction were not cognizable in a § 1983 action; and (5) to the extent Brown referred to various prosecutors in his complaint, the prosecutors were entitled to absolute prosecutorial immunity from claims based on how they handled Brown's prosecution.  *Id.* at *2-*4.

Brown subsequently filed yet another civil action based on his underlying criminal proceeding in which he named the Superior Court of Pennsylvania and the Court of Common Pleas as Defendants. *See Brown v. Superior Ct. of Pa.*, Civ. A. No. 19-2132 (E.D. Pa.). The Court granted Brown leave to proceed *in forma pauperis* and dismissed his complaint as legally frivolous, because "[a]s the Court previously explained to Brown, . . . the Courts of the Commonwealth are not . . . 'persons' subject to liability under § 1983 and, in any event, as entities of the Commonwealth are entitled to Eleventh Amendment immunity from Brown's claims." *Brown v. Superior Ct. of Pa.*, Civ. A. No. 19-2132, 2019 WL 2331465, at *2 (E.D. Pa. May 29, 2019).

## II.    STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The

Court may also consider matters of public record in determining whether a plaintiff states a

claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Moreover, "if the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action." Fed. R. Civ. P. 12(h)(3). As Brown is proceeding *pro se*, the Court construes his

allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A. *Rooker-Feldman* Doctrine

To the extent Brown is complaining of injuries caused by Judge Cappelli's rulings and

seeks review and rejection of the related judgments, the Court lacks jurisdiction to review his

claims. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over

suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v.

Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). "[T]here are four requirements that must

be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2)

the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were

rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to

review and reject the state judgments." *Id.*

Here, Brown lost in state court and the underlying judgments on his post-conviction

filings became final before he initiated in the instant civil action. Additionally, the Court

understands Brown to be alleging that he was injured by Judge Cappelli's "unconstitutional and

malicious" judgments and seeking "judicial review" of Judge Cappelli's rulings on the grounds

that they are erroneous and unconstitutional, with the ultimate goal of invalidating his 2003

conviction. (ECF No. 2 at 3-4.) To that extent, the Court lacks jurisdiction to review Brown's

claims. *See Cruz v. Jurden*, 789 F. App'x 943, 944 (3d Cir. 2020) (per curiam) (*Rooker-

*Feldman* applied where plaintiff "asked the District Court to reverse the Delaware Superior Court's decision not to correct his sentence with instructions to correct its alleged clerical error and resentence him"); *Donahue v. Acosta*, 789 F. App'x 324, 328 (3d Cir. 2019) (per curiam) ("[T]o the extent that Donahue sought to challenge a final state court conviction, his claim is barred by the *Rooker-Feldman* doctrine."); *Pittman v. Pennsylvania Gen. Assembly*, 642 F. App'x 87, 89 (3d Cir. 2016) (per curiam) ("[T]o the extent that Pittman challenges the state court rulings that his successive petitions were untimely under the PCRA, his claims are barred by the *Rooker-Feldman* doctrine."); *Bolick v. Sacavage*, 617 F. App'x 175, 178 (3d Cir. 2015) (per curiam) (concluding that *Rooker-Feldman* barred challenges to state judge's rulings on motions challenging underlying criminal conviction).  To the extent Brown's claims do not fall within *Rooker-Feldman*, they are addressed below.

### B.  Judicial Immunity

Brown's claims against Judge Cappelli that are not barred by *Rooker-Feldman* fail. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an

action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197–98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Brown is pursuing claims against Judge Cappelli based on acts taken in his judicial capacity, specifically, the way Judge Cappelli handled post-conviction petitions and motions that Brown filed seeking to undermine his conviction. Brown alleges in a conclusory and nonsensical fashion in his Motion that Judge Cappelli acted in the absence of jurisdiction, and claims Judge Cappelli acted without jurisdiction due to alleged errors in resolving Brown's filings. (*See, e.g.*, ECF No. 3 at 3 (indicating that Judge Cappelli acted in the "complete absence of jurisdiction as a state judge while reviewing this state criminal matter because he has not properly applied state laws to his judicial proceedings").) Those allegations do not support a plausible conclusion that Judge Cappelli lacked jurisdiction to rule on Brown's post-conviction filings so as to preclude application of judicial immunity here. *See Spuck v. Fredric*, 415 F. App'x 358, 359 (3d Cir. 2011) (per curiam) (judicial immunity barred claim that judge "entered

a notice of intent to dismiss the petition again the day after the Superior Court's remand, which

[plaintiff] claims was 'too soon' because jurisdiction had not yet been transferred back to the

PCRA court"); *Vasquez v. Dwyer*, 377 F. App'x 225, 226 (3d Cir. 2010) (per curiam) (judicial

immunity barred claim that judge "denied [plaintiff's] post-conviction petition and ignored

[plaintiff's] motion to compel discovery").

Although Brown alleges in his Motion that a declaratory decree was violated and/or that

declaratory relief was unavailable, presumably in an effort to vitiate Judge Cappelli's immunity

on the claims for injunctive relief, Brown still has not provided a basis for proceeding.[4]  Brown

contends that Judge Cappelli should "be held liable for the commonwealth's enforcement of

unconstitutional statute to deprive [Brown] of review of the state criminal matter at issue," (ECF

No. 3 at 1-2), but it is clear that Judge Cappelli acted in an adjudicatory capacity, rather than an

enforcement capacity, in denying Brown's post-conviction motions.  Judge Cappelli is therefore

not a proper defendant here.  *See Sheffer v. Centre Cty.*, No. 19-2726, 2020 WL 3496804, at *2

(3d Cir. June 29, 2020) ("To the extent that Sheffer seeks to overcome the immunity bar by

asserting that the Judicial Defendants acted in an 'administrative or enforcement capacity' with

respect to enforcing bail procedures for Centre County, the Magistrate Judge correctly concluded

---

[4]  These allegations are mostly nonsensical or parrot the statute in a conclusory manner. *See,
e.g.*, ECF No. 3 at 3-4 ("There was certainly no declaratory relief available to petition for redress
of grievances in a higher court as the post-conviction relief act shattered the petitioning for
redress spotlight."); *id.* at 4 (claiming that Judge Cappelli's judicial opinion "eliminated him
from judicial immunity from suit for injunctive relief because declaratory decree was unavailable
based on [Judge Cappelli's] failure to properly review [Brown's] motion under color of law and
he should be held liable for the deprivation of rights language in 42 U.S.C. § 1983"); *id.* at 7
("Declaratory relief was also unavailable under the judicial review of Judge Richard M. Cappelli
as he rarely gave final order to his decisions nor gave reason for his decisions."); *id.* at 13
(seeking injunctive relief in the form of dismissal of his criminal case and "destruction of the
record . . . in light of 42 Pa. C.S. § 8933(a) which was declaratory relief unavailable under the
review of Judge Richard Cappelli because of his general review of the matter").

that the bail-related decisions of which Sheffer complained were judicial — not legislative or administrative — actions."); *Brandon E.*, 201 F.3d at 200 ("Because the judges presiding over Act 53 proceedings are acting in their capacity as neutral adjudicators, the district court committed no error in dismissing the suit for failure to state a claim for which relief can be granted."); *Donahue v. Superior Court of Pennsylvania*, Civ. A. No. 18-1531, 2019 WL 923786, at *7 (M.D. Pa. Jan. 24, 2019) ("[B]ecause the Court cannot reasonably infer from Donahue's filings that any state court judges acted in their enforcement capacity, as opposed to their adjudicatory capacity, they would not be proper defendants to his § 1983 action seeking declaratory and injunctive relief in connection with the Terroristic Threats Statute, the Harassment Statute, and the PCRA."), *report and recommendation adopted*, Civ. A. No. 18-1531, 2019 WL 913812 (M.D. Pa. Feb. 25, 2019).  In sum, to the extent the Court may exercise jurisdiction over Brown's claims, Brown has not alleged a proper basis for proceeding against Judge Cappelli.[5]

---

[5] Brown's claims fail for an alternative reason.  Brown is essentially challenging Judge Cappelli's failure to vacate his state conviction and is seeking invalidation of that conviction as well as damages stemming from the consequences of his conviction.  "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  That is so even if *habeas* relief is no longer available to the litigant.  *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available."); *see also Fields v. Venable*, 674 F. App'x 225, 228 n.4 (3d Cir. 2016) (per curiam) ("*Heck's* favorable termination requirement applies even when there is no further possibility of a successful habeas petition").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety.  Claims falling within the ambit of *Rooker-Feldman* will be dismissed without prejudice while Brown's remaining claims will be dismissed with prejudice.  Brown's "Motion for Injunctive Relief Pursuant [to] Federal Rule 8(a) of Civil Procedure," will be denied because he has not shown a likelihood of success on his claims and because, to the extent Brown seeks leave to amend, amendment would be futile.  *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (a party seeking a preliminary injunction must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief").  His "Motion for Service of Complaint Pursuant [to] Federal Rule 4.1 of Civil Procedure," and "Motion Indicating Reproduced Record Discussed in Motion for Injunctive Relief" will also be denied.   The Motion to Dismiss filed by the Defendant before service of the case will be denied without having been considered, as a result of the Court's dismissal of this case upon screening. An appropriate Order follows.

BY THE COURT:


/s/Petrese B. Tucker
**PETRESE B. TUCKER, J.**

---

Brown's conviction has not been invalidated.  Accordingly, his claims challenging the constitutionality of that conviction or seeking invalidation of that conviction are not cognizable under § 1983.  Thus, even if Brown has finished serving his sentence and *habeas* relief is no longer available to him, he may not pursue § 1983 claims based on alleged constitutional infirmities in his prosecution or conviction.  *See Donahue*, 789 F. App'x at 328 ("To the extent that Donahue sought to use a civil rights action to obtain equitable relief – *i.e.*, to have the District Court overturn his state court sentences – his claim is barred by *Heck*.").

11